IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3-02-CR-108-H |
| | ) | (3-05-CV-1375-H) |
| GERALD SHELTON | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a motion for habeas corpus relief filed by a Federal inmate pursuant to 28 U.S.C. § 2255.

**Statement of the Case**: Pursuant to a plea agreement Shelton entered a plea of guilty to Count 1 of the superseding indictment returned on June 26, 2006, in which he was charged with a violation of 21 U.S.C. § 846.  On the date he entered his plea he was represented by court-appointed counsel, Joanne Hurtekant.  After expressing dissatisfaction with his attorney, the District Court allowed Ms. Hurtekant to withdraw and new counsel was appointed. On September 18, 2003, Movant was sentenced to 196 months imprisonment followed by a five-year term of supervised release.  He filed a timely notice of appeal and following the filing of his brief in the Fifth Circuit, the government filed a motion to dismiss on the ground that Shelton waived his right to appeal as a part of the plea agreement.  On June 1, 2004, the Fifth Circuit granted the motion and dismissed the appeal, but without prejudice to Movant's right to seek relief pursuant to 28 U.S.C. § 2255 on

his ineffective assistance of counsel claim. He filed the present motion on July 7, 2005.[1]

**Findings and Conclusions**: In his sole ground for relief Shelton contends that he was denied effective assistance of counsel by his court-appointed attorney, Joanne Hurtekant. 28 U.S.C. § 2255 provides in pertinent part that the court may deny relief if the motion and the files and records of the case conclusively show that the movant is not entitled to relief. For the reasons set out herein relief should be denied.

In addressing Movant's ineffective assistance of counsel claim the standards set out in Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052 (1984), are applied. There is a strong presumption that an attorney's conduct fell within the wide range of reasonable professional assistance. In order to overcome this presumption a defendant must prove that the attorney's performance fell below the standard of reasonable assistance mandated by the Sixth Amendment (cause). Second, he must prove that but for the constitutionally deficient representation there is a reasonable probability that the result of the proceeding would have been different (prejudice). Failure to prove either prong of the two-part test forecloses relief. Strickland, 466 U.S. at 697, 104 S.Ct. at 2069.

In the present case Shelton was convicted for the offense charged in Count 1 of the indictment upon his plea of guilty. In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985), the Supreme Court applying the Strickland test in the context of a guilty plea, held that in order to prove the prejudice prong, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

---

[1] Pursuant to the "mailbox rule," Shelton's motion is deemed filed on July 7, 2005, the date on which he placed his motion in the prison mail system.

Id. at 59, 106 S.Ct. at 370.

The record shows that Joanne Hurtekant was appointed to represent Movant on July 11, 2002, pursuant to the provisions of the Criminal Justice Act. Ms. Hurtekant and Shelton had a meeting with the Assistant United States Attorney and case agents prior to his rearraignment on August 8, 2002. At his rearraignment on August 8, 2002, the District Court accepted the plea agreement which Shelton had signed and also accepted the factual resume which he had signed and agreed to its accuracy. See Record on Appeal at 0045-0054.

Subsequent to the entry of his guilty plea, but prior to sentencing Shelton wrote the District Court expressing his dissatisfaction with the representation which Ms. Hurtekant had provided. As a result of this correspondence Ms. Hurtekant filed a motion to postpone the sentencing date and to withdraw as Movant's counsel. Record on Appeal at 0072-73. The District Court granted the order and on January 23, 2003, Brian O'Shea was appointed to represent Shelton. Mr. O'Shea obtained an affidavit executed by Ms. Hurtekant on July 3, 2003, relating her involvement in the case and describing interactions which occurred with the prosecutor prior to the date on which Shelton pleaded guilty. By letter dated July 13, 2003, Mr. O'Shea sent a copy of the affidavit to Shelton along with a cover letter. See Movant's Appendix filed on July 11, 2005, Exhibit 4. In his cover letter O'Shea stated that the decision as to whether to file a motion to withdraw his guilty plea was one for Shelton to make. However, O'Shea further noted that were such a motion filed and granted, he would be exposed to a much higher sentence.[2] Ms. Hurtekant's affidavit was subsequently filed

---

[2] As part of the plea agreement the government agreed, in its discretion, to file a motion for downward departure, and to dismiss the remaining count in which Shelton was charged. The government complied with the agreement by filing a motion for downward departure, See Record on Appeal at 0066, and moved to dismiss Count 9. The District Court granted the government's motion for downward departure and the motion to dismiss the remaining count.

3

as an exhibit to Shelton's Response to the Second Addendum, etc. filed on August 7, 2003. Record on Appeal at 0089-90.

Despite the dissatisfaction with Ms. Hurtekant's representation, Shelton chose to persist in his previously entered guilty plea and to receive the benefits of the plea agreement. Therefore, he has failed to demonstrate that but for the alleged deficiencies in her representation he would have demanded to proceed to trial and expose himself to a term of imprisonment of between 360 months and a life sentence. See. e.g. Craker v. McCotter, 805 F.2d 538, 541 and n. 2 (5th Cir. 1986); see also United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). Accordingly his § 2255 motion should be denied.

In the alternative, and subject to the foregoing, Shelton has failed to establish that he is entitled to relief. He alleges two instances of alleged ineffective assistance. First, that counsel failed to adequately investigate his contention that he was not a member of the conspiracy beginning in November 2000. Second, he claims that prior to pleading guilty Ms. Hurtekant advised him that he could contest the amount of drugs attributed to him at his sentencing.

Prior to his rearraignment on August 8, 2002, Shelton executed a plea agreement and a factual resume. See Record on Appeal at 0045-0054. After the court apprised him and his co-defendants of the consequences of false answers to questions and having placed Shelton under oath, See Transcript of Rearraignment at 8, the Assistant United States Attorney summarized the terms of the identical plea agreements with the defendants. Id. at 10-13. In response to the court's question Shelton agreed that the plea agreement was correct and that he wanted the court to accept it. Id. at 13-14. Thereafter the court questioned Ms. Hurtekant with respect to the factual resume.

---

See Transcript of Sentencing on September 18, 2003, at 5-6; 47-48; 51.

After she responded, Shelton stated his agreement with her answers. Id. at 18. The prosecutor then read into the record stipulated facts in the factual resume signed by Shelton, including his participation in the drug conspiracy beginning in November 2000 and the fact that the amount of methamphetamine which he reasonably foresaw was in excess of 1.5 kilograms but less than 5 kilograms. Id. at 19. In response to the court's question he confirmed the accuracy of the stipulated facts. Id. at 20.

Generally speaking a habeas petitioner cannot assert claims for relief which are contrary to his statements given under oath at the time he entered his guilty plea. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). However, when a petitioner supports his allegations with the statement of a reliable third party, relief is not necessarily foreclosed. See United States v. Sanderson, 595 F.2d 1021, 1022 (5th Cir. 1979).

With respect to his claim of inadequate investigate to determine whether he was a participant in the drug conspiracy in November 2000, Shelton has proffered some evidence to support his claim, i.e. Ms. Hurtekant's affidavit. Record on Appeal at 0089-90. The inference in her affidavit is clear that she conducted no independent investigation into Movant's contention that he did not participate in the conspiracy until the summer and fall of 2001.

In order to satisfy the prejudice prong of the Strickland test based upon counsel's failure to investigate defenses, a petitioner must prove what an investigation would have produced and how it would have altered the outcome of the trial. Lockett v. Anderson, 230 F.3d 695, 713 (5th Cir. 2000); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989); see also United States v. Glinsey, supra, 209 F.3d at 393.

5

Ordinarily a defendant's admissions to the accuracy of statements made in a factual resume, accepted by the court, precludes further inquiry into the factual basis in support of a guilty plea. However, in Shelton's case, the court revisited this issue in the course of the sentencing hearing.[3] At the sentencing hearing Miles Sheerin testified to numerous facts linking Shelton to the drug activities uncovered in the search conducted in November 2000 at 3304 McNeil Street. See Transcript of Sentencing on September 18, 2003, at 9 to 28. The court rejected Shelton's argument. Id. at 43.[4]

Shelton has presented nothing in the way of exculpatory evidence which his former attorney would have discovered had she conducted an investigation.

His claim that Ms. Hurtekant advised him that he could contest the quantity of drugs set out in the factual resume, which he admitted was correct, at his sentencing is wholly uncorroborated. Although Ms. Hurtekant's affidavit relates that the amount of drugs involved was disputed in the pre-arraignment conference and that the government agreed to reduce the foreseeable amount, she says nothing more except that she recommended that Shelton accept the government's plea offer.

---

[3]The issue was raised in Shelton's Response to the Second Addendum, etc. filed on August 7, 2003, Record on Appeal at 0079-0088, at ¶ 3, 0080-83. The government agreed to present evidence of his involvement beginning in November 2000. See Agreed Motion for Continuance filed on August 7, 2003, at 0094-95.

[4]As the court noted, Shelton's own version of the offense is consistent with his involvement in the conspiracy in November 2000. See Presentence Report prepared on September 19, 2002 - Defendant's Version of the Offense.

Therefore, this claim of Shelton's self-serving and unsupported claim does not entitle him to relief.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court deny the motion.

A copy of this recommendation shall be transmitted to Movant and counsel for the government.

SIGNED this 19th day of May, 2006.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.